UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER TEMPLE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GIBSON, et al.,<br><br>Defendants. | No. 2:23-cv-00478-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He commenced this civil action in the Solano County Superior Court and defendants DiTomas, Osman, Austin, Green, Lal, Santos, Allison, Hurtado, Connor, Scott, Martin, and Davidson ("defendants") removed it to federal court on March 13, 2023.[1] Defendants request that the court screen the complaint pursuant to 28 U.S.C. § 1915A and dismiss any claims that are frivolous, malicious, or which fail to state a cognizable claim. ECF No. 1 at 4. As discussed below, removal of this action was proper but the court cannot conduct the required screening of plaintiff's complaint because plaintiff has not signed it.

/////

/////

---

[1] Defendants Allison, Austin, and DiTomas were served on February 9, 2023. ECF No. 1 at 2. Defendants Connor, Green, Hurtado, Lal, Osman, Santos, and Scott were served on February 17, 2023. *Id*. Defendants Davidson and Martin were served on February 21, 2023. *Id*. The complaint names additional defendants, but they have not been served. *Id.* at 3.

1

Jurisdiction

Except where Congress otherwise dictates, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). Federal courts have an independent obligation to examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

Among various state law claims, plaintiff sues numerous defendants pursuant to 42 U.S.C. § 1983 for violating his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plainly, plaintiff has raised a federal claim over which this court has jurisdiction. *See Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1413-1414 (9th Cir. 1990) (federal question jurisdiction exists if at least one claim in the complaint arises under federal law). This court may exercise supplemental jurisdiction over any state-law claims provided that they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Having concluded that federal question jurisdiction exists, the court turns to the screening of the complaint.

Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

/////

Here, however, the court cannot conduct the required screening of plaintiff's complaint because, as noted, plaintiff has not signed it.[2] *See* ECF No. 1 at 33.  Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).  Because plaintiff did not sign the complaint, it must be disregarded.  Within thirty days, plaintiff may file a complaint that is signed.

## Conclusion

Accordingly, it is ORDERED that plaintiff shall filed a signed complaint within 30 days of service of this order.  Failure to so comply may result in the dismissal of this action.

Dated: June 1, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also failed to sign the declaration he filed with the complaint. *See* ECF No. 1 at 40.