UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ALEXANDER TEMPLE, | No. 2:23-cv-00478-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL GIBSON, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought against multiple defendants pursuant to 42 U.S.C. § 1983. ECF No. 5. The filing fee has been paid. ECF No. 1. This matter was originally brought in Solano County Superior Court, and then removed by defendants to this court. ECF No. 1. Plaintiff was ordered to file a signed complaint (ECF No. 4), and he subsequently did so. ECF No. 5. Accordingly, the court will screen plaintiff's complaint.

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plain statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff brings his complaint against eighteen named defendants, as well as "John & Jane Doe RN's and LVN's." ECF No. 5 at 10-12. According to the complaint, plaintiff underwent open heart surgery in June 2020. *Id.* at 13. After recovering from his surgery, plaintiff was transported to the California Medical Facility (CMF) in Vacaville. *Id.* Plaintiff remained at high risk of infection after his surgery. *Id.* at 14.

The gravamen of plaintiff's complaint is that, given his condition post-surgery and his risk of infection, the available showers at CMF-Vacaville were unsanitary and placed him and other

inmates at high risk of infections. *Id*. at 13-14. Plaintiff avers that the showers were moldy, rusty, coated in soap scum and bodily fluids, and contained raw sewage running down the walls. *Id.* at 13-14. Plaintiff alleges that he contracted corynebacterium striatum as a result of the unsanitary conditions, and that as a result he will have to be on antibiotics for the rest of his life. *Id.* at 21. Plaintiff brings four causes of actions based on the unsanitary conditions: 1) deliberate indifference towards medical needs in violation of the Eighth Amendment; 2) denial of equal protection in violation of the Fourteenth Amendment; 3) a state law tort claim of medical malpractice; and 4) state law tort claims of assault and battery. ECF No. 5 at 21-24.

### A. Eighth Amendment Claim

Plaintiff alleges that all defendants were deliberately indifferent to his medical care and risk of injury by requiring plaintiff to shower in unsanitary conditions when he was at a high risk of infections due to his underlying medical conditions. ECF No. 5 at 21-22. To succeed on an Eighth Amendment claim predicated on deliberate indifference to medical need, a plaintiff must establish that: 1) he had a serious medical need; and 2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant will be liable for violating the Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *see also Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014).

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06; *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Rather, plaintiff must show a deliberate disregard for a known medical need.

Plaintiff has alleged facts reasonably sufficient to establish a serious medical need. Specifically, plaintiff has alleged that he is a "Left Ventrical (sic) Assist Device LVAD Patient/Recipient" with a computerized heart pump. ECF No. 5 at 6-7. He alleges that he has had open heart surgery, and that he has a severe form of anemia, both of which leave him particularly vulnerable to infection. Plaintiff also alleges that he was told by his doctors at U.C. Davis Medical Center that, after his surgery, he would need to take showers with "specialized shower equipment." *Id.* at 6.

Plaintiff does not, however, adequately allege that any of the defendants acted with deliberate indifference, *i.e.*, that they knew of and disregarded an excessive risk to plaintiff's health by not providing a sanitary shower. For example, plaintiff names four defendants from the U.C. Davis Medical Center. ECF No. 5 at 9. Plaintiff alleges he told them of the unsanitary showers, but because none of the U.C. Davis defendants appear to be prison officials, there is no indication that they were in any way responsible for the conditions at CMF-Vacaville.

Plaintiff also names other defendants who were not directly involved in his care at CMF-Vacaville, such the Secretary of Corrections, the Warden of CMF-Vacaville, and the Public Information Officer. ECF No. 5 at 10-11. Supervisory personnel, however, are generally not liable under section 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. *Id.* When a defendant holds a supervisory position, the causal link between him and the alleged constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir 1978). Because plaintiff fails to allege an actual connection between the action of the supervisory defendants and the alleged violation of plaintiff's constitutional rights, plaintiff's deliberate indifference claim against those defendants must be dismissed.

Plaintiff does name Dr. Johnson Clark, who seems to have been directly involved in his medical care. ECF No. 5 at 15. Plaintiff's allegations regarding Dr. Clark, however, do not

address whether Dr. Clark had any control over where plaintiff showered, and thus do not amount to a potentially cognizable claim of deliberate indifference against Dr. Clark. Plaintiff also fails to allege that any of the remaining defendants personally participated in a substantial way in depriving him of his constitutional rights.

In sum, plaintiff has not sufficiently alleged a potentially cognizable claim for deliberate indifference to medical need against any of the named defendants.[1] If plaintiff wishes to proceed, he must file an amended complaint which alleges facts showing that each specific defendant knew of plaintiff's medical condition and denied him adequate medical care by failing to provide a sanitary shower. If plaintiff complained about the shower conditions, he should allege when he complained, to whom he complained, and the response to his complaints. Plaintiff should also be mindful of the applicable legal standards discussed above, such as those regarding supervisor liability.

### B. Denial of Equal Protection

Plaintiff does not allege sufficient facts to state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). Here, plaintiff appears to allege that he is in a protected class because he is a person with a disability, but he alleges no facts demonstrating that he was treated in a manner inconsistent with others similarly situated. For example, plaintiff does not allege that persons without a disability were given the option to use different showers. As such, plaintiff's claim for denial of equal protection in violation of the Fourteenth Amendment does not state a potentially cognizable claim.

////

////

---

[1] The claims against the "Doe" defendants also cannot survive screening because unknown persons cannot be served with process until they are identified by their real names.

C. State Law Claims

Plaintiff brings state law claims for medical malpractice and assault and battery in violation of state law. ECF No. 5 at 23-25. The California Tort Claims Act (GCA)[2] requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945. 950.2. "The legislature's intent to require the presentation of claims *before* suit is filed could not be clearer." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 746 (2007). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Here, plaintiff does not allege compliance with the GCA, and thus his state law claims of medical malpractice and assault and battery must be dismissed.

Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as defendants only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

////

---

[2] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act." *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself, without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. *Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.* A "scattershot" approach in which plaintiff names multiple defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 5) is dismissed with further leave to amend within 30 days of service of this order; and
2. Failure to comply with this order may result in dismissal of this action.

Dated: May 29, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE